The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs and arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the entire record of evidence, the Full Commission reverses the holding of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner on 18 April 2000 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Defendant was a duly qualified self-insured at all times relevant herein.
4. Plaintiff sustained an injury by accident arising out of and in the course and scope of his employment with the defendant on 27 August 1997, while responding to a fire call at a driving range located on Garrett Road in Durham, North Carolina. An electric junction box exploded immediately in front of plaintiff. Although plaintiff was not struck by debris or shrapnel from the explosion, the intensity of the flash caused plaintiff to be rendered temporarily blind.
5. Plaintiff is entitled to the maximum compensation rate for 1997, $512.00.
6. The parties stipulated to the Federal tax forms for 1996, 1997 and 1998 and State tax forms for 1996, 1997 and 1998.
7. The parties stipulated to plaintiff's personnel file with defendant-employer.
8. The parties stipulated to a video of plaintiff and surveillance reports of 9 June and 10 June 1999 and 8 July, 13 July, 14 July and 15 July 1999.
9. The parties stipulated to plaintiff's medical records from Durham Clinic, University of North Carolina at Chapel Hill, J. Stuart McCracken, Lakewood on Broad Family Practice, Duke University Medical Center and Guido P. Gutter, M.D.
10. The issues presented are:
 a) Whether plaintiff's recurrent visual problems are causally related to the 27 August 1997 incident?
 b) Whether plaintiff is entitled to any benefits under the North Carolina Workers' Compensation Act?
 c) Whether the plaintiff is entitled to an award of attorney's fees pursuant to G.S. § 97-88.1?
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 18 April 2000, plaintiff was a forty-eight (48) year old high school graduate.
2. Plaintiff began working for defendant in 1973 as a police officer and began with the fire department in 1985. Plaintiff's job duties as a firefighter included supervising other firefighters and firefighting.
3. On 27 August 1997, plaintiff responded to an emergency and witnessed the explosion of an electrical panel that resulted in a bright flash of light. Although plaintiff was not struck by any flying debris, plaintiff testified at the hearing before the Deputy Commissioner that he began experiencing visual problems following this admittedly compensable injury by accident.
4. Plaintiff also testified that after the explosion, his eyes seemed to adjust and he completed his shift. The next morning plaintiff testified that his sight seemed to be normal when he awoke, so he proceeded to leave on a previously arranged vacation. However, during plaintiff's vacation, he experienced even more severe problems with his sight resulting from the 27 August 1997 incident.
5. Prior to his 27 August 1999 injury by accident, plaintiff had not experienced problems with his vision or irregular headaches or migraines.
6. Following his return from his vacation, plaintiff was operating a fire truck when he realized that the car that had been in front of the truck was no longer visible to him. Plaintiff was forced to pull over the truck, and have a coworker operate the truck. This was the last occasion in which plaintiff operated a fire truck and he was placed on restricted duty by defendant's nurse on 16 September 1997.
7. On or about 16 September 1997, plaintiff reported to his family physician, Dr. Curtis T. Eshelman, complaining of vision problems. Dr. Eshelman diagnosed plaintiff with light trauma and blurred vision and referred him to Dr. Stuart McCracken, an opthalmologic surgeon.
8. Plaintiff was examined by Dr. McCracken on 17 September 1997. Dr. McCracken determined that plaintiff had experienced ophthalmic (or ocular) migraines. Although Dr. McCracken opined that 27 August 1997 incident was not a causative factor with plaintiff's visual problems, his opinion on this issue is given little weight given that he only examined plaintiff on one occasion.
9. Plaintiff was then referred to Dr. Michael L. Soo, neurologist on 13 October 1997. Dr. Soo diagnosed plaintiff with repeated episodes of scintillating scatoma or ophthalmologic migraines following exposure to flash explosion. Dr. Soo opined that it is more likely than not that the 27 August 1997 injury by accident was the cause of plaintiff's episodes of visual disturbance. Because plaintiff's visual problems continued, Dr. Soo referred him to Dr. Stephen Pollock, neuro-ophthalmologist.
10. Plaintiff was first examined by Dr. Pollock on 26 May 1998. Dr. Pollock found no evidence of an ongoing eye disease. However, Dr. Pollock did diagnose plaintiff with a form of acepholgic migraines. Dr. Pollock opined that there was a temporal relationship between the onset of his symptoms and the bright flash of light that occurred on 27 August 1997.
11. On 18 August 1998, defendant's physician, Dr. Stuart Manning, determined that plaintiff was medically disqualified for the position of firefighter.
12. On 7 October 1998, Chief Otis Cooper, Jr. informed plaintiff that Employee Health Services had indicated that plaintiff was not medically able to perform the essential job functions of his position. Plaintiff was presented with three options by defendant at that time: resignation, medical disability retirement, or termination due to his inability to perform his job. Rather than resign or face termination, plaintiff chose medical disability retirement.
13. On 21 January 1999, plaintiff was examined by Dr. Barid S. Grimson, a neuro-opthalmologist. Following his examination, Dr. Grimson opined that there was a causal relationship between the 27 August 1997 explosion and plaintiff's visual difficulties and post-traumatic migraines.
14. The Full Commission gives greater weight to the expert opinions of Dr. Soo and Dr. Grimson as opposed to the opinions of Dr. Pollock and Dr. McCracken.
15. At the hearing before the Deputy Commissioner, plaintiff testified that he had been self-employed as an electrical contractor since about 1986 and that since being medically disabled from the defendant, he continues this work, earning additional income. There is insufficient evidence upon which to enter a finding as to what amount of wages plaintiff has earned working as an electrical contractor.
16. Plaintiff's recurrent visual problems and headaches are a direct and natural result of, and causally related to his 27 August 1997 injury by accident.
17. As the result of his 27 August 1997 injury by accident, plaintiff has been unable to earn wages in his former position with defendant or in any other employment, except for the limited wages earned as an electrical contractor, for the period of 7 October 1998 through the present and continuing.
18. Defendant has reasonably defended this matter and no award of attorney's fees pursuant to G.S. § 97-88.1 is warranted.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 27 August 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. G.S. § 97-2(6). Plaintiff's recurrent visual problems and headaches are a direct and natural result of, and causally related to his 27 August 1997 injury by accident. Id.
2. As a result of his 27 August 1997 injury by accident, plaintiff is entitled to be paid by defendant ongoing total disability compensation at the rate of $512.00 per week for the period of 7 October 1998 through the present and continuing until such time as plaintiff returns to work earning his former wage level or until further order of the Commission. G.S. § 97-29.
3. Defendant is entitled to a credit for the limited wages plaintiff has earned as an electrical contractor since the injury. G.S. § 97-42.
4. As the result of his 27 August 1997 injury by accident, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred. G.S. § 97-25; G.S. § 97-25.1
5. Plaintiff is not entitled to attorney's fees as defendant reasonably defended this matter. G.S. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff ongoing total disability compensation at the rate of $512.00 per week for the period of 7 October 1998 through the present and continuing until such time as plaintiff returns to work earning his former wage level or until further order of the Commission, subject to a credit for the limited wages plaintiff has earned as an electrical contractor.
2. Defendant shall pay for all related medical expenses incurred or to be incurred by plaintiff as the result of his 27 August 1997 injury by accident.
3. Defendant shall the costs, including expert witness fees in the amount of $295.00 to Dr. Pollock, $295.00 to Dr. Grimson and $195.00 to Dr. McCracken.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER